United States District Court
Northern District of California

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

UNITED STATES OF AMERICA,

Case No. 16-cv-03777-LB

12

Plaintiff,

13

v.

**ORDER ADJUDICATING PRIVILEGE DISPUTES FOR SAMPLE DOCUMENTS SUBMITTED IN CAMERA**

14

FACEBOOK, INC. AND SUBSIDIARIES,

15

Defendant.

Re: ECF No. 55

16

17

**INTRODUCTION**

18

The government issued seven IRS summonses on Facebook, Inc. and Subsidiaries

19

("Facebook") to produce documents and records. The parties raised disputes regarding Facebook's

20

withholding of 153 documents on the grounds of attorney-client privilege, work-product

21

protection, and/or tax-practitioner privilege under 26 U.S.C. § 7525.[1] The government asked the

22

court to order Facebook to produce these documents or, in the alternative, to submit the documents

23

24

25

26

27

---

[1] Gov't Mem. – ECF No. 55 at 6; Gov't Mem. App'x A (privilege log excerpt). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

to the court for an in camera review.[2] Facebook disputed the government's arguments but did not object to an in camera review.[3]

The court allowed the government to select a sample of up to fifteen documents for Facebook to submit for an in camera review.[4] The government selected its sample, and Facebook submitted the documents to the court in camera.

## ANALYSIS

### 1. Governing Law

#### 1.1    Attorney-Client Privilege

An eight-part test determines whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *United States v. Corporation (In re Grand Jury Investigation)*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

The attorney-client privilege does not apply to communications that pertain to business matters rather than legal advice. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). "Corporations may not conduct their business affairs in private simply by staffing a transaction with attorneys." *Id.* (citing *United States v. Margolis (In re Fischel)*, 557 F.2d 209, 211 (9th Cir. 1977)).

"[The] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *Ruehle*, 583 F.3d at 607 (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). In other words, "[t]he party asserting the privilege bears the burden of proving each essential element" of the

---

[2] Gov't Mem. – ECF No. 55 at 29.

[3] Facebook Opp'n – ECF No. 60 at 15.

[4] Order – ECF No. 71.

attorney-client-privilege test. *Id.* at 608 (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)).

### 1.2   Tax-Practitioner Privilege

"With respect to tax advice, the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney." 26 U.S.C. § 7525(a)(1).

### 1.3   Work-Product Protection

"The work-product doctrine protects 'from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.'" *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989)). "The work-product doctrine covers documents or the compilation of materials prepared by agents of the attorney in preparation for litigation." *Id.* (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *Id.* (quoting *United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 907 (9th Cir. 2004)). "In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the 'because of' test is used." *Id.* at 567–68 (quoting *Torf*, 357 F.3d at 907). "Dual purpose documents are deemed prepared because of litigation if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *Id.* at 568 (quoting *Torf*, 357 F.3d at 907). "In applying the 'because of' standard, courts must consider the totality of the circumstances and determine whether the 'document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.'" *Id.* (quoting *Torf*, 357 F.3d at 908).

United States District Court
Northern District of California

The party asserting work-product protection has the burden of establishing that the work-product doctrine applies to the document or tangible thing in question. *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2015 WL 831539, at *2 (N.D. Cal. Feb. 23, 2015) (citing *Skynet Elec. Co. Ltd. v. Flextronics Int'l, Ltd.*, No. C 12–06317 WHA, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 13, 2013)).

## 2.   Application

### 2.1   Summons 1, Tab 16: Additional Information Requested

This document is a memorandum drafted by Facebook's outside counsel that appears to summarize a meeting that Facebook, its outside counsel, and Ernst & Young's transfer-pricing team attended. Facebook concedes that the presence of Ernst & Young's transfer-pricing team renders communications at this meeting non-privileged.[5] Facebook argues, however, that this memorandum contains additional thoughts and mental impressions from its outside counsel beyond those communicated at the meeting, and that these additional thoughts and mental impressions were intended to be privileged legal advice to Facebook. The redacted portions of this memorandum appear to be a straight report of what took place at the meeting, rather than additional thoughts or mental impressions by counsel. The court invites Facebook to submit additional information establishing which specific portions, if any, constitute privileged thoughts or impressions by counsel. Per the parties' stipulation, Facebook should share whatever information it provides to the court with the government as well.[6]

### 2.2   Summons 1, Tab 125: Additional Information Requested

Facebook claims tax-practitioner privilege and work-product protection over this document. The government argues that this document contains information regarding Facebook's valuing of its intangible property, modeling, financial analysis, or discussions, which the government argues

---

[5] Facebook Opp'n – ECF No. 60 at 30 n.19.

[6] Stipulation – ECF No. 73 at 2–3 (¶ 8).

is not subject to the tax-practitioner privilege.[7] The government also argues that this document was not created in anticipation of litigation or because of anticipated litigation and therefore is not subject to work-product protection.[8] Facebook responds that this document concerns tax advice regarding the transfer of intangible property, which it claims is subject to the tax-practitioner privilege, as contrasted from the work performed by the Ernst & Young transfer pricing team, for which it has not asserted privilege.[9] Facebook also responds that this document would not have been created in substantially similar form but for the prospect of litigation with the IRS, and therefore it is subject to work-product protection.[10]

The court cannot tell solely from the document how the document relates to tax advice or whether the document was created because of the prospect of litigation. The court invites Facebook to submit additional information establishing that this document relates to tax advice and that it was created because of the prospect of litigation.

### 2.3 Summons 1, Tab 178: Work Product

The court accepts Facebook's claim that this redacted portions of this document are work-product protected. The court has reviewed this document against the government's exhibits 14A and 14B and does not find that Facebook has waived protection over the redacted portions of this document.[11]

### 2.4 Summons 1, Tab 271: Additional Information Requested

The government concedes that to the extent that this document contains FASB Interpretation No. 48 ("FIN 48") reserve information, that information can remain redacted.[12] The government argues that the financial information should otherwise be produced, as it does not constitute work

---

[7] Gov't Mem. – ECF No. 55 at 26.

[8] *Id.* at 25.

[9] Facebook Opp'n – ECF No. 60 at 23, 26 n.14.

[10] *Id.* at 26–27 & n.14.

[11] *Cf.* Gov't Mem. – ECF No. 55 at 23.

[12] *Id.* at 25.

1   product.[13] Facebook has redacted portions of an email and withheld an Excel attachment.[14] The

2   court cannot tell solely from the document whether the redacted portions of the email and the

3   withheld Excel attachment contain only FIN 48 reserve information or whether they also contain

4   non-FIN 48 reserve information, or whether there is another basis for claiming work-product

5   protection. The court invites Facebook to submit additional information establishing that the

6   redacted portions of this email and the Excel attachment contain only FIN 48 information or

7   otherwise were created because of the prospect of litigation.

### 2.5   Summons 1, Tab 345: Privileged

8

9   The court accepts Facebook's claim that this document is attorney-client privileged. The court

10   has reviewed this document against the government's exhibits 15B through 15E and does not find

11   that Facebook has waived privilege over this document.[15]

### 2.6   Summons 1, Tab 369: Privileged

12

13   The court accepts Facebook's claim that this document is attorney-client privileged.

### 2.7   Summons 1, Tab 535: Privileged

14

15   The court accepts Facebook's claim that this document is tax-practitioner privileged.

### 2.8   Summons 1, Tab 614: Work Product

16

17   The court accepts Facebook's claim that the redacted portions of this document are work-

18   product protected.

### 2.9   Summons 1, Tab 632: Work Product

19

20   The court accepts Facebook's claim that the redacted portions of this document are work-

21   product protected.

### 2.10   Summons 1, Tab 641: Privileged

22

23   The court accepts Facebook's claim that the redacted portions of this document are attorney-

24   client privileged.

25

26   [13] *Id.*

27   [14] *Id.* at 25.

     [15] *Cf. id.* at 25.

28

### 2.11 Summons 1, Tab 665: Privileged

The court accepts Facebook's claim that this document is attorney-client privileged.

### 2.12 Summons 2, Tab 103: Privileged

The court accepts Facebook's claim that this document is tax-practitioner privileged. The court has reviewed this document against the government's exhibits 1 through 8 and does not find that Facebook has waived privilege over this document.[16]

### 2.13 Summons 7, Tab 179: Privileged

The court accepts Facebook's claim that the redacted portions of this document are attorney-client privileged.

### 2.14 Summons 7, Tab 182: Privileged

The court accepts Facebook's claim that the redacted portions of this document are attorney-client privileged.

### 2.15 Summons 7, Tab 1049: Privileged

The court accepts Facebook's claim that the redacted portions of this document are attorney-client privileged.

### CONCLUSION

Facebook may (but is not required to) provide the court with additional information regarding Summons 1, Tabs 16, 125, and 271, within 14 days of this order. If Facebook does not provide any additional information, the court will make a privilege/protection determination on those documents based on the information that Facebook has provided to date. If Facebook provides additional information, the court will determine what next steps are appropriate, including any potential government response.[17]

---

[16] *Cf. id.* at 20–21.

[17] *See* Stipulation – ECF No. 73 at 2–4 (¶¶ 8, 10).

1    The court accepts Facebook's claims of attorney-client privilege, tax-practitioner privilege,

2  and/or work-product protection for the remaining 12 documents that Facebook submitted in

3  camera.

4

5    **IT IS SO ORDERED.**

6    Dated: April 30, 2018



7    _____

8    LAUREL BEELER
     United States Magistrate Judge

United States District Court
Northern District of California